UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
KIRT NICHOLAS,

                Petitioner,

-against-

SMITH, Superintendent,

                Respondent.
------------------------------------------------------------- X

02 CV 6411 (ARR)

NOT FOR ELECTRONIC OR PRINT PUBLICATION

MEMORANDUM AND ORDER

ROSS, United States District Judge:

By petition dated December 6, 2002, as amended by order of the court dated October 23, 2006, petitioner Kirt Nicholas seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, Mr. Nicholas claims, inter alia, that his trial counsel was ineffective for allowing petitioner to waive his appellate rights. Upon further review of the record, it appears that this claim was never fairly presented to the state courts for review. For the reasons set forth below, the court observes that it may be appropriate for this claim to be deemed exhausted but procedurally barred. The court therefore requests the parties to address the issues of whether the claim was exhausted in state court, and, if not, whether it is procedurally barred.

## DISCUSSION

Section 2254 of Title 28 of the U.S. Code provides that a petition for a writ of habeas corpus may not be granted unless it appears that "the applicant has exhausted the remedies available in the courts of the State." In order to exhaust a claim, a petitioner "must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a

habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). "The exhaustion requirement is not satisfied unless the federal claim has been 'fairly presented' to the state courts." Daye v. Attorney Gen. of New York, 696 F.2d 186, 191 (2d Cir. 1982) (citing Wilwording v. Swenson, 404 U.S. 249 (1971)). "In order to have fairly presented his federal claim to the state courts the petitioner must have informed the state court of both the factual and the legal premises of the claim he asserts in federal court." Id. Accordingly, the claim raised in the state courts must be the "substantial equivalent" of the claim presented on federal habeas review. Strogov v. Att'y Gen., 191 F.3d 188, 191 (2d Cir. 1999) (citing Picard v. Connor, 404 U.S. 270, 278 (1971)). The exhaustion requirement is "grounded in the principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of [a] state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991).

Here, it appears that petitioner has not fairly presented to the state courts his claim that his trial counsel was ineffective for failing to object to the written and oral appeal waivers entered into by petitioner. In the brief submitted by petitioner's appellate counsel, petitioner contended that the waiver of his right to appeal was not knowing and intelligent. However, raising an independent claim in state court that implicates counsel's effectiveness is not sufficient to exhaust the ineffective assistance of counsel claim for purposes of federal habeas review. See Parron v. Quick, 869 F.2d 87, 90 (2d Cir. 1989) (holding that an appeal on the basis of denial of speedy trial rights did not exhaust a claim of ineffective assistance of counsel for failure to make a timely speedy trial motion). By way of a pro se supplemental brief submitted in his direct appeal and two § 440 motions, petitioner claimed that his trial counsel was ineffective for (a)

failing to explain that petitioner could not be convicted after a trial of both homicide offenses to which he ultimately pled guilty, and (b) failing to adequately investigate and explain available affirmative defenses. Because petitioner did not include the appellate waiver among the reasons provided for his counsel's alleged ineffectiveness, this ground for an ineffective assistance claim remains unexhausted. See Caballero v. Keane, 42 F.3d 738, 741-42 (2d Cir. 1994) ("To reach the merits of an ineffective representation claim, all of the allegations must have been presented to the state courts, allowing them the opportunity to consider all the circumstances and cumulative effect of the claims as a whole.") (internal citations and quotation marks omitted).

Even if a claim has technically not been exhausted, "'a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred.'" Reyes v. Keane, 118 F.3d 136, 139 (2d Cir. 1997) (quoting Grey v. Hoke, 933 F.2d 117, 120 (2d Cir.1991)). In such an instance, a federal habeas court may deem the claim to be exhausted but must find the claim to be procedurally defaulted. See Aparicio v. Artuz, 269 F.3d 78, 90 (2d Cir. 2001). A federal court can examine a petitioner's habeas claims despite a procedural default only if "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 735, 111 S.Ct. 2546, 2557 (1991).

Under New York law, state courts must deny a claim raised via a § 440.10 motion to vacate judgment when the defendant unjustifiably failed to raise the claim on direct review even though sufficient facts appeared on the trial record. See N.Y. Crim. Proc. Law § 440.10(2)(c). According to the New York Court of Appeals, "in the typical case it would be better, and in some

3

cases essential," to bring a claim of ineffective assistance of counsel collaterally rather than on direct appeal so as to enable an evidentiary showing. People v. Brown, 45 N.Y.2d 852, 854 (1978). However, an ineffective assistance of counsel claim may be brought on direct review when the basis of the claim is "demonstrable on the main record." Id. Consequently, in circumstances in which the alleged error underlying a petitioner's ineffectiveness claim is "particularly well-established in the trial record" but unjustifiably omitted from a direct appeal, the Second Circuit has deemed the claim to be exhausted but procedurally barred. See Sweet v. Bennett, 353 F.3d 135, 139-40 (2d Cir. 2003). Here, the underlying facts presented by petitioner in support of this basis for his ineffective assistance of counsel claim were apparent from the transcript of the plea proceeding and the appeal waiver form. Therefore, it appears that the court may appropriately dismiss petitioner's claim as procedurally barred under state law.

Respondent's memoranda of law address the above-referenced claim on the merits without asserting that the claim is unexhausted or arguing that it should be procedurally barred. Nevertheless, district court have the authority to raise these affirmative defenses sua sponte. See Washington v. James, 996 F.2d 1442, 1448 (2d Cir. 1993) (holding that courts may raise a procedural default defense sua sponte when a petitioner has not fairly presented his claim to state courts and would now be barred from doing so); see also United States v. Vincent, 507 F.2d 1309, 1312 (2d Cir. 1974) (holding that the circuit court may raise the issue of exhaustion of state remedies even when the state failed to raise the defense before the district court). Prior to doing so, it is generally advisable to provide the petitioner with notice and an opportunity to be heard. Accord Acosta v. Artuz, 221 F.3d 117, 121 & 125 (2000) (holding that a district court should generally provide a petitioner with notice and an opportunity to be heard prior to

dismissing a § 2254 petition as time-barred because "a person is entitled to notice before adverse judicial action is taken against him.") (quoting Lugo v. Keane, 15 F.3d 29, 30 (2d Cir. 1994)).

## CONCLUSION

For the foregoing reasons, the court directs the parties to address the issues of exhaustion and procedural default in accordance with this order. Petitioner's memorandum shall be served and filed within 10 days from service of this order. Respondent's reply shall be served and filed within 7 days from service of petitioner's memorandum.

SO ORDERED.

/S/
_____
Allyne R. Ross
United States District Judge

Dated: April 2, 2007
Brooklyn, New York

**Service List:**

    **Petitioner's Attorney:**
    Jane Simkin Smith
    P.O. Box 1277
    Millbrook, NY 12545

    **Respondent's Attorney:**
    Camille O'Hara Gillespie
    Kings County District Attorneys Office
    350 Jay Street, Renaissance Plaza
    Brooklyn, NY 11201

cc:    Magistrate Judge Lois Bloom